CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

July 22, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| TA'KUAN KEONTAY BINGHAM, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>RED ONION STATE PRISON )<br>ACCOUNTING DEPARTMENT, et al., )<br>    Defendants. ) | Case No. 7:23-cv-00443<br><br><br>By: Michael F. Urbanski<br>Senior United States District Judge |

## MEMORANDUM OPINION

Ta'Kuan Keontay Bingham, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C § 1983 against the accounting departments at Red Onion State Prison and River North Correctional Center. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I. Background

On December 8, 2023, while housed at River North Correctional Center, Bingham had $65.41 withdrawn from his inmate account. Compl. 2, ECF No. 1. Four days later, Bingham was moved to Red Onion State Prison. Id. At the time the action was filed, Bingham had not received his "money or commissary." Id. He seeks to recover damages for "negligence/petit larceny." Id.

### II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still state a claim to relief that is plausible on its face." Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (internal quotation marks omitted).

### III. Discussion

Bingham commenced this action by filing a form complaint under 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Bingham's complaint fails to state a claim under § 1983 for at least two reasons. First, neither a prison nor a prison department is a proper defendant in a § 1983 action since it is "not a person within the meaning of § 1983." Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973)).

Second, the Supreme Court has held that "negligent or intentional deprivations of property by a state employee do not state a claim of constitutional magnitude when there is an adequate post-deprivation remedy." Doe v. Montgomery Cnty., 47 F. App'x 260, 261 (4th Cir. 2002) (citing Hudson v. Palmer, 468 U.S. 517, 533–34 (1993)); see also Hawes v. Stephens, 964 F.3d 412, 418 (5th Cir. 2020) ("[A] state actor's unauthorized deprivation of an inmate's prison account funds 'does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.'") (quoting Hudson, 468 U.S. at 533). Under the Virginia Tort Claims Act (VTCA), the Commonwealth of Virginia is liable for claims for damages resulting from "damage to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any [state] employee while acting within the scope of his employment." Va. Code § 8.01-195.3. The United States Court of Appeals for the Fourth Circuit has held that the VTCA and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985). Because adequate remedies are available under state law for the negligent or unauthorized deprivation of property by state correctional employees, Bingham has no viable claim for relief under § 1983.

## IV.   Conclusion

For the foregoing reasons, the court concludes that Bingham's complaint must be dismissed for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: July 19, 2024

Mike Urbanski
Senior U.S. District Judge
2024.07.19 13:51:52 -04'00'

Michael F. Urbanski
Senior United States District Judge